## UNITED STATES v. ATKISON et al.
No. 7952.

Circuit Court of Appeals, Fifth Circuit.
July 29, 1936.

Kcith L. Seegmiller, Atty., Department of Justice, of Washington, D. C., and R. M. Bourdeaux, U. S. Atty., of Meridian, Miss., for the United States.

Chas. S. Campbell, of Jackson, Miss., for appellees.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment, entered on a verdict, awarding appellee a recovery of monthly payments on a policy of war risk insurance, issued to John E. Atkison while in the army of the United States. Error is assigned to the refusal of the court to direct a verdict for defendant.

The case is typical and presents only a question of fact. It is unnecessary to review the evidence in detail. The policy lapsed for nonpayment of premiums in December, 1918, in which month the soldier was discharged. He married appellee one month later. He applied for compensation in February, 1921, and the application was granted in October of the same year. He died April 19, 1930, of tuberculosis. Prior to his death he had made claim for his insurance on May 28, 1928, more than ten years after the policy had matured, if his allegation of total and permanent disability was true. The claim was rejected and he filed suit in January, 1929. After his death the suit was revived in favor of his administrator, appellee herein. He was a farmer by occupation before being inducted into the army. After his discharge he resumed that occupation. The evidence tends to show that he was not able to do much work. Nevertheless, he persisted for several years with varying success. So far as the record discloses it was not discovered that he had tuberculosis until 1921, although it is possible that the disease existed before that time. It appears from the record of a medical examination conducted by the Veterans' Bureau, offered in evidence by plaintiff, that in March, 1921, a diagnosis showed that he had tuberculosis, moderately advanced.

Taking the evidence as a whole and giving it the construction most favorable to appellee, it tends to show that the soldier had a case of incipient tuberculosis which may have existed at a time when the policy was in force by the payment of premiums. This was not enough to sustain the verdict. The burden was upon appellee, plaintiff below, to prove with reasonable certainty that the soldier was totally and permanently disabled, so that he was unable to follow any gainful occupation, at a time when the policy was in force. That burden has not been sustained. Lumbra v. U. S., 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; U. S. v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617; Walters v. U. S. (C.C.A.) 63 F. (2d) 299; U. S. v. Little (C.C.A.) 77 F.(2d) 420. It follows that the United States was entitled to a directed verdict, and it was error to not grant the motion.

Reversed and remanded.

WALKER, Circuit Judge, concurred in the disposition of this case, but died before the opinion was handed down.